FILED
United States Court of Appeals
Tenth Circuit

November 12, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES LEE FAY,

      Defendant-Appellant.

No. 08-5009

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 4:90-CR-00014-HDC-1)**

---

Art Fleak, Tulsa, Oklahoma, for Defendant-Appellant.

Clinton J. Johnson, Assistant United States Attorney, (David E. O'Meilia, United States Attorney, and Robert T. Raley, Assistant United States Attorney, on the brief), Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **BRISCOE, BRORBY,** and **EBEL**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

     Defendant James Lee Fay appeals the district court's revocation of his

supervised release. He also appeals the district court's denial of his request to

serve his revocation sentence concurrently with a previously discharged state

sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 3742(a) and affirm.

I

Fay had been convicted of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312, and, after serving his 60-month sentence, was placed on supervised release. Fay violated the terms of his supervised release when he was found in possession of methamphetamine and two firearms after the car he was driving was pulled over for a traffic violation on January 21, 2006. Fay was arrested and later pleaded guilty to drug and weapon possession charges in Oklahoma state court.

After Fay's arrest on the state charges, the United States Probation Office filed a petition seeking revocation of Fay's supervised release. The petition alleged that Fay violated the terms of his supervised release by his possession of drugs and weapons on January 21, 2006, the same conduct that gave rise to his state convictions. The petition also alleged that on two occasions in 2005 Fay tested positive for methamphetamine. As a result of the petition seeking revocation of Fay's supervised release, a federal detainer was filed against Fay. After Fay completed his state sentence, the state of Oklahoma released Fay into federal custody. At Fay's revocation hearing, the district court found that Fay had violated the conditions of his supervised release. The court revoked Fay's supervised release and imposed a sentence of 21 months of imprisonment.

In his sentencing memorandum filed prior to the revocation hearing, Fay requested that any sentence imposed for violating the terms of his supervised release should run concurrently with his previously completed state sentence, and that "no new prison time" should be imposed. ROA, Vol. I, Doc. 22 at 5. The district court relied on 18 U.S.C. § 3584(a)[1] to conclude that it did not have that authority. The court specifically stated:

> I don't know of anything that provides [the court with the authority to run a federal sentence concurrently with a completed state sentence] in federal law. In fact, [18 U.S.C. § 3584] speaks only of undischarged terms and we're talking about—you're arguing about a discharged term. And you've got in your Sentencing Guidelines 5G-1.3.[2] It all talks about concurrent of discharge [sic][3] terms.

ROA, Vol. II at 4:1-6.

## II

Fay raises two issues on appeal. First, Fay appeals the revocation of his supervised release, arguing that the district court failed to comply with Fed. R. Crim. P. 32.1(b) by finding Fay had violated the conditions of his supervised

---

[1] Title 18 U.S.C. § 3584(a) states that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an underscore{undischarged} term of imprisonment, the terms may run concurrently or consecutively[.]" (emphasis added).

[2] Under U.S.S.G. § 5G1.3, the sentencing court may impose a sentence consecutively or concurrently with an underscore{undischarged} term of imprisonment, depending on the circumstances.

[3] It is possible that the court reporter erroneously transcribed "of discharge" instead of "undischarged." The court more likely stated, "It all talks about concurrent undischarged terms."

release without first requiring him to explicitly admit those violations in open court. Fay asserts that he never orally and explicitly admitted that his conduct violated the conditions of his supervised release, nor did the court engage Fay in any formal colloquy as to his guilt or require that the government put on any evidence. Second, Fay appeals the sentence imposed at his revocation hearing. He relies on this court's ruling in United States v. Romero, 511 F.3d 1281 (10th Cir. 2008), to contend that the district court erred in limiting the scope of its sentencing authority. Fay argues that Romero supports his contention that the district court had the authority to sentence him concurrently with his completed state sentence.

A.    Admission of Guilt

Fay argues that the district court erred by not requiring him to admit his guilt at his revocation hearing. He did not raise this issue before the district court, so our review is only for plain error. See United States v. Teague, 443 F.3d 1310, 1314 (10th Cir. 2006). Under the plain error doctrine, this court "will reverse the judgment below only if there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted).

The procedures that apply at a revocation hearing are less formal than those that apply at a plea hearing. Compare Fed. R. Crim. P. 32.1(b) (revocation of supervised release) with Fed. R. Crim. P. 11(b)(2)-(3) (acceptance of a guilty plea). Revocation hearings are "not part of a criminal prosecution and thus the full

panoply of rights due a defendant in such [] proceeding[s] does not apply."

Morrissey v. Brewer, 408 U.S. 471, 480 (1972).

> A defendant is entitled to the following rights at a revocation hearing:
>
> (A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

Fed. R. Crim. P. 32.1(b)(2)(A)-(E). Under Fed. R. Crim. P. 32.1, the defendant has the implicit right to admit his guilt or to contest the alleged violation of the terms of his supervised release. United States v. Tapia-Escalera, 356 F.3d 181, 184 (1st Cir. 2004). But, there is no requirement, as argued by Fay, that the court "ascertain directly from the Defendant in open court whether he wanted to plead guilty to the allegations of supervised release violations." Aplt. Br. at 18.

A full revocation hearing is not necessary where the defendant admits he has violated the terms of his supervised release. United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). Here, Fay admitted that he had violated the conditions of his supervised release. In his sentencing memorandum, Fay notified the court of his "intent to admit the facts in the Petition on Supervised Release." ROA, Vol. I, Doc. 22 at 1. Then, in the same document, he went on to state, "[t]he Defendant admits his involvement with the meth and the firearm as alleged in the Petition on

Supervised Release[.]" Id. at 5. In the present case, Fay had nothing to debate or challenge at a revocation hearing. He admitted the conduct set forth in the petition, and he had pleaded guilty to state charges based upon the same conduct. By any measure, Fay's prior guilty plea established his violation of the conditions of his supervised release, which required in part: "While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance." ROA, Vol. I, Doc. 7 at 3. Further, immediately prior to sentencing for his violation of supervised release, the court asked Fay if he wished to speak on his own behalf, and Fay alluded to his guilt by saying,

> Your honor, every day that I've been locked up I kick myself in the
> butt for what I did. My own stupidity. I have no excuse for what I
> did. I can't justify what I did. All I can do is learn from it. And all I
> can do is ask this Court to give me another chance.

ROA, Vol. II at 7:5-10.

The record before us establishes that Fay understood what the government claimed were violations of the conditions of his supervised release. Fay was served with a petition that sought revocation of his supervised release and that set forth the specific violations to support the requested revocation. See ROA, Vol. I, Doc. 17 at 1-3. Fay had pleaded guilty in state court to the same conduct that was alleged in the petition as the basis for revocation of his supervised release, and he served a state sentence for that conduct. Fay did not object when his counsel told the

district court there was no reason they could not proceed to sentencing, even though the government had not presented any evidence and Fay had not explicitly admitted that he had violated the conditions of his supervised release in open court. See id.

The totality of the attendant circumstances shows that Fay admitted the allegations in the petition, which established that he had violated the terms of his supervised release. The district court did not commit plain error by not requiring Fay to orally and explicitly admit his guilt in open court.

B.      Authority of the District Court to Impose Concurrent Sentences

Fay argues that the district court erred by concluding that it lacked the authority to direct that his federal sentence be served concurrently with his completed state sentence. As a general rule, this court reviews a district court's decision of whether to impose a consecutive or concurrent sentence for an abuse of discretion. See United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002). But where, as here, the district court's decision rests upon a legal conclusion, we review that ruling de novo. See United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004).

The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., 28 U.S.C. §§ 991-98, contains a series of provisions governing various aspects of sentencing. Among those provisions is 18 U.S.C. § 3584(a), which provides that, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged

term of imprisonment, the terms may run concurrently or consecutively[.]" (emphasis added). The district court in the present case concluded that the statute's use of the modifier "undischarged" signaled that Congress did not intend to allow a district court to direct that a new prison term run concurrently with a completed, or <u>discharged</u>, prison term.

Fay challenges the district court's legal conclusion by relying exclusively on our opinion in <u>Romero</u>. In <u>Romero</u>, we affirmed the district court's refusal to sentence Romero to a concurrent sentence for violating the terms of his supervised release, to run concurrently with his undischarged state prison sentence, when Romero's supervised release had not yet been revoked. 511 F.3d at 1284-85. Romero's request for sentencing was premature because no "decision to run the sentences concurrently [could] come before a determination of whether Mr. Romero should be sentenced for the violation of supervised release." <u>Id.</u> at 1284. Romero was not yet in federal custody, and parolees do not have a right to an immediate parole revocation hearing until they are actually taken into custody. <u>Id.</u>

Fay relies on the following dictum in <u>Romero</u> to support his argument that the district court erred in concluding that it had no authority to effectively credit his federal sentence with time previously served on his completed state sentence:

> Moreover, if he is sentenced for a supervised release violation at the end of his state confinement, nothing precludes the district court from giving him credit for time served. <u>See</u> <u>McDonald</u>, 955 F.2d at 634 ("we know of nothing preventing the . . . authorities from retroactively granting Petitioner the right to serve the sentences concurrently if

[state] law provides for this option.")

Id. at 1285 (citing McDonald v. New Mexico Parole Bd., 955 F.2d 631, 634 (10th Cir. 1991)) (alterations in original text of Romero).

To the extent that Romero can be read to suggest that federal district courts have the authority to impose a sentence to be served concurrently with a discharged state sentence, we reject that view. As the district court noted, the statutory language is clear. "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.]" 18 U.S.C. § 3584(a) (emphasis added). A district court, however, does not have the authority to impose a sentence to be served concurrently with a discharged sentence. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) ("There is no provision, either in the Act or in the Guidelines, stating that the court may order that the sentence it imposes be deemed to have been served concurrently with a prior prison term that has been fully discharged."). Fay's state sentence was discharged by the time his revocation hearing was held, thus eliminating the district court's discretion to impose a sentence concurrent to his previously completed state sentence.

Finally, while Romero cites this court's opinion in McDonald as support for the general proposition that "nothing precludes [a] district court from giving [a defendant] credit for time served" in a fully discharged state sentence, McDonald does not support that proposition. Romero, 511 F.3d at 1285. The factual contexts

-9-

of the two cases vary greatly.  McDonald involved a New Mexico parolee who was convicted of a crime in Texas state court.  New Mexico issued a parole violation detainer warrant against the defendant, but refused to impose a sentence until after the completion of his Texas sentence.  The defendant filed a habeas corpus petition in federal court, arguing that New Mexico's refusal to complete its parole review jeopardized his ability to serve the two sentences concurrently.  This court concluded that "[a]t the time New Mexico executes the warrant, presumably at the completion of Petitioner's intervening Texas sentence, we know of nothing preventing the New Mexico authorities from retroactively granting Petitioner the right to serve the sentences concurrently if New Mexico law provides for this option."  McDonald, 955 F.2d at 634.  McDonald establishes only that if applicable state law allows concurrent sentencing, a defendant may take advantage of that law. Beyond his citation to Romero, Fay has not identified any federal statute that would provide the district court with the authority to impose a sentence that would be "served" concurrently with a previously discharged sentence.  Fay is essentially requesting jail time credit on his federal sentence for the time he served in state custody, which would equate to a sentence of "time served."  The district court correctly read 18 U.S.C. § 3584(a) and did not err in concluding that it lacked the authority to impose a sentence to be served concurrently with Fay's discharged state sentence.

      AFFIRMED.