FILED
United States Court of Appeals
Tenth Circuit

June 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID A. WRIGHT,

      Defendant - Appellant.

Nos. 12-3024 & 12-3025
(D.C. No. 5:00-CR-40020-JAR-1 &
2:04-CR-20096-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN** and **MATHESON**, Circuit Judges.

David A. Wright appeals from the district court's revocation of his supervised

release and its imposition of two concurrent terms of 24 months of imprisonment. Mr.

Wright contends that the district court did not make sufficient findings to justify

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

revocation of his supervised release. Additionally, he argues that his sentence is procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

On April 4, 2001, Mr. Wright pled guilty to two counts: (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (2) possession of a firearm by a person convicted of the misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922g and 924(a)(2). On July 13, 2001, a federal district court sentenced Mr. Wright to 29 months of imprisonment on each count, to be served concurrently, and to three years of supervised release.

In 2004, Mr. Wright completed his 29-month sentence and began his supervised release. One of the conditions of his supervised release was that he reside in a halfway house. On July 19, 2004, the federal district court revoked Mr. Wright's supervised release because he refused to live in a halfway house. The court sentenced him to 10 months of imprisonment on each of his original convictions, to be served concurrently, and to 25 months of supervised release.

On July 21, 2004, Mr. Wright was indicted on one count of being a felon in possession of a firearm and one count of possessing a firearm after being convicted of domestic violence. The facts alleged in the indictment related to conduct that occurred on July 7, 2004—12 days before the court revoked Mr. Wright's supervised release. On September 8, 2004, Mr. Wright pled guilty to the two gun charges. The district court

-2-

sentenced him to 87 months of imprisonment on each charge, to run concurrently, and to three years of supervised release. The court ordered that Mr. Wright serve his 87-month sentence and his 10-month sentence consecutively.

Mr. Wright was released from prison on December 15, 2011, and began his supervised release. On December 22, 2011, the U.S. Probation Office (the "Probation Office") alerted the district court that Mr. Wright had failed to comply with three conditions of his supervised release. Specifically, the Probation Office alleged that Mr. Wright had (1) failed to report to his probation officer within 72 hours of his release, (2) unlawfully used a controlled substance, and (3) refused to reside in a halfway house. Because of these alleged violations, the Probation Office petitioned the district court to revoke Mr. Wright's supervised release.

The Probation Office subsequently prepared a violations report, which described the factual basis for each of the alleged violations of the terms of Mr. Wright's supervised release. The violations report stated that each of Mr. Wright's alleged violations was a Grade C violation. Based on the grade of Mr. Wright's violations and his criminal history category of VI, the Probation Office recommended that Mr. Wright be sentenced to 8-14 months of imprisonment, which was the sentencing range recommended in the U.S. Sentencing Guidelines (the "Guidelines").

On January 17, 2012, the district court held a revocation hearing concerning Mr. Wright. At the beginning of the hearing, the district court summarized the violations alleged in the Probation Office's report. Mr. Wright's counsel informed the court that

Mr. Wright was "not going to dispute the violations themselves" and that he wanted only to present "some mitigation information . . . to the [c]ourt." ROA (Case No. 12-3025), Vol. 2, at 5-6. Based on Mr. Wright's "stipulation," the district court found that Mr. Wright had violated the terms of his supervised release. *Id.* at 15.

Mr. Wright then presented evidence in mitigation of punishment and requested that the district court give him another chance to comply with the requirements of his supervised release. The Government opposed Mr. Wright's request. The Government noted that Mr. Wright had a history of violating the terms of his supervised release and argued that Mr. Wright was "just not going to be compliant." *Id.* at 13.

The district court revoked Mr. Wright's supervised release and sentenced him to two terms of 24 months of imprisonment, to be served concurrently.[1] The court acknowledged that the Guidelines recommended a sentence of 8-14 months. But after "consider[ing] the nature and circumstances of [Mr. Wright's] violations, the characteristics of Mr. Wright, . . . the sentencing objectives required by the statute, . . . [and] the advisory . . . Chapter 7 policy statements issued by the Sentencing Commission," *id.* at 16, the court determined that it was appropriate to sentence Mr. Wright to 24 months of imprisonment, the statutory maximum. In support of its decision, the court noted that Mr. Wright had been "pretty defiant," in violating the terms of his

---

[1]The district court sentenced Mr. Wright to two terms of imprisonment because Mr. Wright violated the terms of his supervised release relating to his 2001 convictions *and* the terms of his supervised release relating to his 2004 convictions.

supervised release, that Mr. Wright had "historically failed to comply with his conditions of supervised release," and that Mr. Wright was "not amenable to supervision." *Id.* at 14-17. Additionally, the district court stated:

> After 13 years in prison, I think almost anyone would have some significant reintegration issues. Mr. Wright certainly does. Everything from his addiction to, you know, a place to live, and employment. And he needs a lot of support and a lot of services. And apparently he was of the opinion that he should just be left alone to come back into the community and do what he wanted to do and not receive any services and certainly not reintegrate back in a structured environment to help him begin to—to become employed and do all the things he needs to do to live a productive and healthy life.
>
> So the Court's going to sentence Mr. Wright to some additional time with no supervision to follow. *I, frankly, don't want to waste any more of Mr. Wright's time or the [P]robation [O]ffice's time with another term of supervised release. I just don't think that would be productive for anyone.*
>
> [We] [c]an't make people become productive by taking advantage of services and help. There are plenty of people that do want that kind of support and help, *and I'd much rather see the [P]robation [O]ffice spend their time on people like that than people that look at it in a negative light*, that they're being ordered into a halfway house to have some structure and some help of finding work, et cetera.

*Id.* at 14-15 (emphases added).

Mr. Wright filed a timely notice of appeal challenging the district court's order.

## II. DISCUSSION

On appeal, Mr. Wright contends that the district court did not make sufficient findings to justify its decision to revoke his supervised release. Additionally, he argues

-5-

that his sentence is procedurally and substantively unreasonable.  We address Mr.

Wright's arguments in turn.

## A. *Revocation of Supervised Release*

When a defendant violates a condition of supervised release, a district court may

revoke the term of supervised release and impose imprisonment.  *See* 18 U.S.C.

§ 3583(e)(3).  "The procedures that apply at a revocation hearing are less formal than

those that apply at a plea hearing."  *United States v. Fay*, 547 F.3d 1231, 1234 (10th Cir.

2008).  Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure states that a defendant

is entitled to the following rights at a revocation hearing:

> (A) written notice of the alleged violation; (B) disclosure of
> the evidence against the person; (C) an opportunity to appear,
> present evidence, and question any adverse witness unless the
> court determines that the interest of justice does not require
> the witness to appear; (D) notice of the person's right to retain
> counsel or to request that counsel be appointed if the person
> cannot obtain counsel; and (E) an opportunity to make a
> statement and present any information in mitigation.

Under Rule 32.1(b)(2), the defendant also "has the implicit right to admit his guilt or to

contest the alleged violation of the terms of his supervised release."  *Fay*, 547 F.3d at

1234.

Mr. Wright contends that the district court violated Rule 32.1(b)(2) because it

"made no findings" concerning whether the violation alleged in the Probation Office's

violations report were substantiated before it revoked his supervised release.[2]  Aplt. Br. at 7.  Mr. Wright acknowledges that he did not challenge the Probation Office's allegations, but he argues that he "did not clearly admit to violat[ing]" the conditions of his supervised release.  *Id.* at 16.

Mr. Wright concedes that he did not raise this issue in the district court.  We therefore review his argument under the plain error standard of review.  *See Fay*, 547 F.3d at 1234; *see also United States v. McBride*, 633 F.3d 1229, 1234 (10th Cir. 2011).  Under the plain error standard, we "will reverse the judgment below only if there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (quotations omitted).

We need not address whether the district court erred, or whether its alleged error was plain, because Mr. Wright's argument fails under the third element of the plain error test.  To satisfy the third element, Mr. Wright must show that the alleged error affected his substantial rights.  *Id.*  "For an error to have affected substantial rights, the error must have been prejudicial:  It must have affected the outcome of the district court

---

[2]In his brief, Mr. Wright frames this issue as relating to the procedural reasonableness of his sentence.  But some of his arguments suggest that he is challenging not only his sentence but also the district court's decision to revoke his supervised release.  For clarity, we have addressed his argument as a challenge to the district court's decision to revoke his supervised release.  We note, however, that our analysis of this issue would be the same if we were to consider it as a challenge to procedural reasonableness.

proceedings." *United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007) (quotations omitted). To satisfy this burden, Mr. Wright must demonstrate "that the result after remand (when the [G]overnment will have an opportunity to put on evidence regarding [his] compliance with the rules governing [his supervised release]) would probably be different." *McBride*, 633 F.3d at 1234.

Mr. Wright "has not even *argued* that the [G]overnment could not prove that he failed to comply with the terms of his [supervised release]." *Id.* Thus, Mr. Wright has failed to demonstrate that the district court's alleged error violated his substantial rights. *See id.*; *see also Fay*, 547 F.3d at 1235. We therefore reject Mr. Wright's argument that the district court failed to make adequate findings to justify revocation of his supervised release.

**B. *The Reasonableness of Mr. Wright's Sentence***

Before determining the sentence to be imposed after revocation of supervised release, a district court must consider both the policy statements contained in Chapter 7 of the Guidelines and the factors provided in 18 U.S.C. § 3553(a). *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010). The § 3553(a) factors include

> the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*United States v. Cordova*, 461 F.3d 1184, 1188-89 (10th Cir. 2006) (quotations omitted).

In explaining the sentence imposed, the court "is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *Id.* at 1189 (quotations omitted). Additionally, although the court must consider the Chapter 7 policy statements, which "recommend a range of imprisonment upon revocation of supervised release," the recommendation is "advisory rather than mandatory in nature." *United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) (quotations omitted).

"A sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." *Steele*, 603 F.3d at 807 (quotations omitted). We have explained that "[t]his is the same analysis as the reasonableness standard of review under *United States v. Booker*, 543 U.S. 220 (2005)." *Id.* at 807. Our review "for reasonableness includes both a procedural component, . . . as well as a substantive component." *Id.* at 807-08 (quotations omitted); *see also McBride*, 633 F.3d at 1232 ("Under our current nomenclature, a 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'").

Mr. Wright argues that his sentence is procedurally and substantively unreasonable. We first address the procedural reasonableness of Mr. Wright's sentence and then consider substantive reasonableness.

-9-

**1.** *Procedural Reasonableness*

Procedural reasonableness "focuses on the manner in which the sentence was calculated." *United States v. Masek*, 588 F.3d 1283, 1290 (10th Cir. 2009). "In reviewing a criminal defendant's sentence for procedural reasonableness, we determine whether the district court committed any error in calculating or explaining the sentence." *United States v. Martinez,* 610 F.3d 1216, 1223 (10th Cir. 2010) (quotations omitted). We must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007)

We generally review the procedural reasonableness of a defendant's "sentence under the familiar abuse-of-discretion standard of review." *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011) (quotations omitted); *see also Gall*, 552 U.S. at 46. But when a defendant fails to preserve a procedural challenge before the district court, we review only for plain error. *See Romero*, 491 F.3d at 1178. As noted above, to demonstrate plain error, a defendant must establish that "there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Teague*, 443 F.3d at 1314 (quotations omitted).

Mr. Wright contends that his "sentence is procedurally unreasonable because the [district] [c]ourt failed to adequately explain its upward departure from the . . . [G]uidelines range to the maximum statutory sentence." Aplt. Br. at 12. Mr. Wright acknowledges that the district court stated that it had considered "the nature and circumstances of [his] violations, [his personal] characteristics, . . . the sentencing objectives required by [the] statute[,] . . . [and] the advisory nonbinding Chapter 7 policy statements issued by the Sentencing Commission." *Id.* at 12-13 (quotations omitted). He argues, however, that the district court's primary reason for its upward departure—"that the resources of the [P]robation [O]ffice] [would be] wasted on [him]—is not within the sentencing factors required under 18 U.S.C. § 3553(a)" and that the court's reliance on this rationale rendered his sentence procedurally unreasonable. *Id.* at 8.

Mr. Wright concedes that he did not preserve this argument for our review, and we therefore review his claim under the plain error standard. *See Romero*, 491 F.3d at 1177. Mr. Wright has failed to demonstrate that the district court erred by considering whether it would "waste" the Probation Office's resources to allow him to remain on supervised release. Indeed, in his brief, Mr. Wright acknowledges that we rejected a similar argument in *United States v. Tedford*, 405 F.3d 1159 (10th Cir. 2005).[3]

---

[3]Mr. Wright argues that *Tedford* was "wrongly decided." Aplt. Br. at 13. However, because "we are bound by the precedent of prior panels absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court," *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (quotations omitted), we decline Mr. Wright's invitation to reconsider the correctness of our decision in *Tedford*.

-11-

In *Tedford*, the defendant's supervised release was revoked after he violated several of the conditions of his release. "Based on a combination of [the] [d]efendant's criminal history and the nature of the violations, the recommended sentence pursuant to the . . . Guidelines was between five and eleven months of incarceration." *Id.* at 1160. "The district court imposed a sentence of forty-eight months." *Id.* In so doing, the district court considered the Chapter 7 policy statements, the nature and circumstances of the defendant's conduct, and the fact that "it would . . . be a waste of the limited resources of the probation office to have to continue supervision over [the] defendant." *Id.* (quotations omitted).

On appeal, the defendant argued that "the district court's consideration of the Probation Office's resources was an improper factor to rely on in imposing the sentence because it [was] not an enumerated factor in the Guidelines." *Id.* at 1161. We rejected the defendant's argument, stating:

> The Sentencing Guidelines set forth factors that must be considered, but that list is not all-inclusive. In addition, when read in context, the factor to which [the] [d]efendant objects, the resources of the Probation Office, does not reflect an impermissible analysis of federal penal resource allocation. . . . *The district court merely recognized the futility of continued supervision, a consideration implicit in the Congressional grant of authority to revoke one's supervised release.*

*Id.* (emphasis added) (citation omitted).

Like the court in *Tedford*, the district court properly considered the Chapter 7 policy statements, the nature and circumstances of Mr. Wright's conduct, and the

-12-

§ 3553(a) factors, which implicitly permit a court to consider the futility of continued supervision. *See id.* Mr. Wright has failed to demonstrate any error in this analysis. We therefore reject Mr. Wright's argument that his sentence is procedurally unreasonable.

### 2. *Substantive Reasonableness*

"Substantive reasonableness addresses whether the length of [a] sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012) (quotations omitted). When a defendant challenges his sentence as substantively unreasonable, we review for an abuse of discretion "and give[] substantial deference to [the] district court[]." *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (quotations omitted); *see also Gall*, 552 U.S. at 46. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Steele*, 603 F.3d at 809 (quotations omitted). "This standard applies without regard to whether the district court imposes a sentence within or outside the advisory Guidelines range." *Id.*

Mr. Wright notes that "[t]he purpose of a supervised release sentence is to provide enough supervision to prevent recidivism." Aplt. Br. at 11. He contends that his sentence conflicts with this purpose because his violations of supervised release were "relatively minor" and because he had only been on supervised release for a short time when the Government petitioned the court to terminate his supervised release. *Id.* at 10.

He argues that this conflict renders his sentence substantively unreasonable. We disagree.

The Guidelines state that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, introductory cmt., A(3)(b). In considering the extent of Mr. Wright's breach of trust, the district court appropriately focused on Mr. Wright's disregard of several of the conditions of his supervised release. The court also noted that "Mr. Wright has historically failed to comply with his conditions of supervised release and [that he] is not amenable to supervision." ROA (Case No. 12-3025), Vol. 2, at 16-17.

Ultimately, Mr. Wright's arguments are an invitation to reweigh the evidence, the § 3553(a) factors, and the district court's "ultimate assessment of the balance between them." *United States v. Regan*, 637 F.3d 1348, 1354-55 (10th Cir. 2010) (quotations omitted). We decline to do so. Mr. Wright has failed to demonstrate, based on the totality of the circumstances, that the district court abused its discretion in sentencing him in excess of the range recommended by the Guidelines. And having reviewed the record, we cannot say that the district court's decision to exceed the recommended sentencing range "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *Id.* at 1352 (quotations omitted). We therefore reject Mr. Wright's claim that his sentence is substantively unreasonable.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's decisions to revoke Mr. Wright's supervised release and to sentence him to two concurrent terms of 24 months of imprisonment. We grant the Government's motion to supplement the record on appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge