FILED
United States Court of Appeals
Tenth Circuit

July 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GERALD LAMONT OLDEN,

      Defendant - Appellant.

No. 17-5008
(D.C. No. 4:04-CR-00071-TCK-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves a disagreement over whether the defendant admitted that he had committed a crime. The government alleges that the defendant admitted a crime; the defendant denies doing so, claiming that he admitted only certain allegations that did not constitute crimes. The district court agreed with the government, and we affirm under the plain-error standard.

_____

[*]     We conclude that oral argument would not materially help us to decide this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we are deciding the appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

*The district court found the commission of a crime based on the defendant's admission.* The district court revoked supervised release based on the defendant's violation of his conditions. The court then imposed a new sentence based on a guideline range of 21 to 27 months. This guideline range would have applied only if the defendant had violated the condition prohibiting the commission of another crime; here, the government claimed that the defendant had committed a crime consisting of a false statement to a federal officer. 18 U.S.C. § 1001(a).[1] The defendant acknowledges that he admitted violating some of the conditions, but insists that he did not admit the commission of a crime involving a false statement. And in the absence of such an admission, the defendant contends that the district court committed plain error by finding that he had violated the condition prohibiting the commission of a crime.

*Any alleged error would not have been obvious.* The defendant acknowledges that he failed to object in district court and that this failure triggers the plain-error standard. Under this standard, relief would be available only if the district court had committed an obvious error. *United States v. Pablo*, 696 F.3d 1280, 1290 (10th Cir. 2012). Applying this

---

[1]  The district court found nine other violations. But those violations would not have triggered a guideline range of 21 to 27 months.

standard, we conclude that if the district court had erred, the error would not have been obvious.[2]

To determine whether the defendant's statements constituted an admission, we consider the totality of circumstances. *United States v. Fay*, 547 F.3d 1231, 1235 (10th Cir. 2008). The totality of circumstances could reasonably have indicated an admission that the defendant had violated § 1001(a).

In seeking revocation of supervised release, the government alleged false statements to the probation office regarding the defendant's address, vehicles, and telephone number. At the hearing, the district court asked defense counsel whether the allegations were admitted or in dispute. Defense counsel responded: "They're not in dispute, sir. We had intended to waive the right to have the hearing today and stipulate to the allegations." R., vol. II at 34. With this statement, the court asked the defendant if he understood what his attorney had just said. The defendant answered that he did. *Id.* To this point, the admission appeared airtight.

But the defendant relies on what happened next. The court recounted the allegations and asked the defendant if they were true. *Id.* at 35. He answered: "Some of it is, Your Honor." *Id.* He explained that the issue with his telephone was a misunderstanding, but admitted that he had driven

---

[2]    We need not decide whether an error took place.

3

his cousin's vehicle and had not told his probation officer that he was in the process of moving, which he acknowledged "was wrong." *Id*.

The defendant points to his comment at the revocation hearing that only "[s]ome of" the allegations were true. *See id*. But the defendant then admitted that he had driven his cousin's vehicle and had not told his probation officer that he was moving, which were two of the things he was accused of lying about. Although the defendant minimized the severity of his false statements, he did not deny making them with the knowledge that they were false.

In light of this exchange, the district court did not commit an obvious error in concluding that these false statements had constituted a crime under § 1001. Thus, the district court did not commit plain error by finding the violation of a supervised-release condition involving the commission of a crime.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4