**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARQUEZ LASHAWN KING, a/k/a
Demon,

    Defendant - Appellant.

No. 24-6209
(D.C. No. 5:21-CR-00140-JD-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.

_____

Following his conviction and imprisonment for a robbery offense, Marquez

Lashawn King has twice had his supervised release revoked. At his second

revocation hearing, Defendant admitted to violating a condition of his supervised

release. The district court imposed its sentence of twenty-one months in prison,

varying upward from the U.S. Sentencing Guidelines range of four to ten months.

Defendant now appeals, arguing his admission was involuntary and his sentence was

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.

In 2021, Defendant pleaded guilty to one count of robbery in Indian Country. The district court sentenced him to fifty months in prison followed by three years of supervised release.

Four months after he began his supervised-release term, police responded to a physical altercation between Defendant and his pregnant girlfriend, who was also on supervised release at the time. Defendant's probation officer alleged that he had violated two conditions of his supervision—by committing another crime and associating with a known felon—and sought to revoke his supervised release. Defendant admitted the violations. The district court calculated a Guidelines sentencing range of three to nine months' imprisonment. The district court sentenced Defendant to three months in prison followed by thirty months on supervised release.

Less than a month into his second supervised-release term, Defendant married his girlfriend. Approximately eight months later, she called the police, reporting that Defendant had hit, dragged, and choked her. Police responded and arrested Defendant for domestic assault and battery in the presence of a minor, domestic assault and battery with a deadly weapon, and domestic assault and battery by strangulation. Despite arraignment instructions not to contact her, Defendant subsequently called his wife over 2,000 times. He ultimately convinced her not to cooperate with the state's prosecution, and prosecutors dismissed the charges.

Defendant's probation officer again petitioned to revoke his supervised release, this time alleging that he had violated the condition proscribing additional crime, and recommending a sentence of twenty-one months in prison. At the revocation hearing, the district court found the statutory maximum sentence for the violation was two years in prison and the advisory Guidelines sentencing range was four to ten months in prison. Both parties agreed. Defendant admitted the violation, and in exchange, the government recommended a within-Guidelines sentence of ten months in prison. Defendant sought a sentence of less than ten months in prison. The district court varied upward and sentenced Defendant to twenty-one months in prison followed by twelve months of supervised release. Defendant timely appealed.

## II.

## A.

Defendant claims his admission that he violated a condition of his supervision was involuntary. Specifically, he asserts the district court erred by accepting his admission without first ensuring he understood that the court could impose an above-Guidelines sentence even though both parties recommended sentences within the advisory Guidelines range.

Where, as here, a defendant raises a challenge to his revocation proceedings for the first time on appeal, we review the claim for plain error. *United States v. Fay*, 547 F.3d 1231, 1234 (10th Cir. 2008). To prevail on plain-error review, Defendant must show "there is (1) error, (2) that is plain, which (3) affects substantial rights,

and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

At a plea hearing, when a defendant previously entered a plea agreement in which the government agreed to recommend a particular sentence or sentencing range, "the court must advise the defendant that [he] has no right to withdraw the plea if the court does not follow the sentencing recommendation." Fed. R. Crim. P. 11(c)(3)(B). But "[t]he procedures that apply at a revocation hearing," which are set forth in Federal Rule of Criminal Procedure 32.1(b), "are less formal than those that apply at a plea hearing." *Fay*, 547 F.3d at 1234. After all, "[r]evocation hearings are not part of a criminal prosecution and thus the full panoply of rights due a defendant in such proceedings does not apply." *Id.* (brackets and internal quotation marks omitted).

> A defendant is entitled to the following rights at a revocation hearing:
>
> (A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to appear, present evidence and question any adverse witness . . .; (D) notice of the person's right to retain counsel or to request that counsel be appointed . . .; and (E) an opportunity to make a statement and present any information in mitigation.

Fed. R. Crim. P. 32.1(b)(2)(A)–(E). Thus, at a revocation hearing, "the defendant has the implicit right to admit his guilt or contest the alleged violation of the terms of his supervised release," *Fay*, 547 F.3d at 1234, but Rule 32.1(b)(2) does not require the court to advise the defendant that he cannot withdraw his admission if it does not

follow the government's sentencing recommendation.  The cases Defendant relies on are inapposite.[1]

Moreover, Defendant had notice that the district court could impose a sentence higher than the advisory Guidelines range before he admitted to violating a condition of his supervision.  The violation report, which Defendant's probation officer filed before the revocation hearing, provided that the statutory maximum sentence the court could impose was two years in prison and the applicable Guidelines range was four to ten months in prison.  At the beginning of the revocation hearing, the district court confirmed with Defendant's counsel that Defendant had received and reviewed the violation report.  Then, before Defendant stipulated to the violation, the government advised him that "the maximum term of custody following revocation would be up to two years."  R. vol. III at 109.

In sum, the district court did not err, let alone plainly err, in accepting Defendant's admission that he violated his supervised-release conditions, and therefore his admission was not involuntary.

**B.**

Defendant also challenges his sentence as substantively unreasonable.  We review sentences imposed for supervised-release violations under an

---

[1] *See United States v. Livingston*, 586 F.3d 819, 823 (10th Cir. 2009) (remanding where court at stipulated-facts bench trial failed to warn defendant that stipulating waived his right to appeal its suppression ruling); *United States v. LeBlanc*, 175 F.3d 511, 517–18 (7th Cir. 1999) (remanding where defendant's admission to supervision violation was ambiguous and court misadvised him about the maximum sentence).

abuse-of-discretion standard. *United States v. Williams*, 994 F.3d 1176, 1180 (10th Cir. 2021). This standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Under this deferential standard, we will reverse only if the sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable," or if the district court "exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017) (internal quotation marks omitted).

In applying this standard, our focus is on "whether the length of the sentence is reasonable given all the circumstances of the case in light of a number of the factors set forth in 18 U.S.C. § 3553(a)." *Williams*, 994 F.3d at 1180 (brackets and internal quotation marks omitted). Those factors are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for a sentence to deter future criminal conduct, protect the public, and provide rehabilitation; the Sentencing Guidelines; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need for restitution. *See* 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(e) (setting forth the § 3553(a) factors applicable to supervised-release revocation).

Defendant challenges his sentence as substantively unreasonable for four reasons, none of which is persuasive. First, he emphasizes his efforts towards rehabilitation and argues the district court failed to adequately consider the need for his sentence to promote his rehabilitation. Second, Defendant contends the district court placed too much weight

6

on specific deterrence "because real-world data suggests incarceration does little to deter future crimes." Opening Br. at 20. Third, he argues the variance creates an undue sentencing disparity. And fourth, Defendant asserts his "history of accepting responsibility for his actions" conflicts with the district court's decision to impose an upward variance based on "breach of trust." *Id.* at 21 (internal quotation marks omitted).

Defendant's first three arguments amount to disagreement with the way the district court balanced the applicable § 3553(a) factors with the facts of his case. Yet, "[w]e do not reweigh the sentencing factors but instead ask whether the sentence fell within the range of rationally available choices that facts and the law at issue can fairly support." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (internal quotation marks omitted). Because "no algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one," *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018), "we will defer on substantive-reasonableness review not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings," *United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019) (internal quotation marks omitted).

In rendering its sentencing decision, the district court referenced numerous considerations specific to Defendant. For example, the district court acknowledged that he had "an incredibly rough and adverse childhood, mental health issues, and substance abuse issues." R. vol. III at 137. The court also acknowledged Defendant's acceptance of responsibility and efforts toward rehabilitation, such as his work to obtain his commercial driver's license. Conversely, the court referenced

7

Defendant's criminal history, stating that his robbery conviction involved him firing a gun during a home invasion. It noted Defendant's violations during his first supervised-release term (domestic violence and associating with a known felon) and was troubled that his "criminal conduct has gone unabated despite serving a lengthy 50-month sentence and despite [his] earlier supervised release revocation and sentence." *Id.* The district court also expressed concern about the egregiousness of Defendant's conduct that led to the current violation, emphasizing not only the domestic-violence charges but the 2,000 phone calls he placed to the victim (his wife) and his efforts to stop her from cooperating with the prosecution.

Ultimately, the district court determined that the need to impose a sentence that would deter Defendant from future criminal conduct and the need to protect the public "heavily outweighed" the mitigating factors. *Id.* at 138. The court further concluded that any sentencing disparities from its imposition of an upward variance were warranted because the advisory Guidelines did not account for the succession of Defendant's criminal history following his robbery conviction or his history before the court on revocation.

We reject Defendant's first three arguments because the district court thoroughly supported its variance with detailed analysis of the sentencing factors and valid reasoning. *See Barnes*, 890 F.3d at 916 (concluding "we uphold even substantial variances when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence."). The court properly considered the mitigating factors discussed in the policy statements and determined that the

aggravating factors in Defendant's case outweighed them and necessitated the upward variance. Defendant's disagreement with the way the district court balanced the § 3553(a) factors with the facts of his case does not make his sentence substantively unreasonable.

Turning to the fourth argument, Defendant asserts his "history of accepting responsibility for his actions" conflicts with the district court's decision to impose an upward variance based on "breach of trust." Opening Br. at 21 (internal quotation marks omitted). We disagree. A "defendant's failure to follow the court-imposed conditions of supervised release" is considered "a breach of trust." *United States v. Steele*, 603 F.3d 803, 809 (10th Cir. 2010) (ellipsis and internal quotation marks omitted). And we have held that a defendant's "second breach of trust in a fairly short time" is a reasonable basis for an upward variance. *Id.* The supervised-release violation that formed the basis of the sentence at issue here was Defendant's second in just over a year. The district court did not abuse its discretion when it imposed an above-Guidelines sentence for Defendant's second supervised-release violation. *See id.* at 805 (affirming eighteen-month sentence on second revocation where advisory Guidelines range was four to ten months).

In sum, Defendant has not demonstrated that the district court's sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable," or that it "exceeded the bounds of permissible choice, given the facts and the applicable law." *DeRusse*, 859 F.3d at 1236 (internal quotation marks omitted). We therefore conclude the district court did not abuse its discretion when it imposed Defendant's sentence.

9

## III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Joel M. Carson III
Circuit Judge