**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON PETE ROPER,

    Defendant - Appellant.

No. 25-2037
(D.C. No. 1:23-CR-01617-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Following his conviction for three counts of Hobbs Act robbery, 18 U.S.C. 1951, Jason Pete Roper appeals the district court's denial of his pre-trial motion to dismiss the indictment under the Speedy Trial Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

On August 14, August 15, and September 8, 2022—while he was completing a term of supervised release imposed for a previous federal conviction—Roper robbed three Ross Dress For Less stores, stealing a total of approximately $1,800. A few days later, he failed a drug test.

New Mexico filed armed robbery charges against Roper on September 28, 2022. The following day, his federal probation officer petitioned the district court to revoke his supervised release, based on the state criminal charges and the failed drug test. Mr. Roper was arrested the same day, September 29, 2022, on a warrant issued for the alleged supervised release violations.

The district court held an evidentiary hearing on the revocation petition. It found the evidence submitted fell short of establishing Roper committed the robberies. But it found he had committed the substance use violation and imposed a thirteen-month prison sentence for that violation.

The Bureau of Prisons released Roper on September 1, 2023, and New Mexico arrested him the same day, to face the state robbery charges. On November 1, 2023, the government filed the federal indictment that began this case, charging three counts under § 1951. A new arrest warrant was issued based on the indictment. New Mexico then dismissed the state charges and Roper was arrested on the federal charges and warrant, on November 8, 2023.

Roper moved to dismiss the indictment, arguing (1) it violated the Speedy Trial Act, 18 U.C. § 3161(b), because it was filed more than thirty days after his

2

September 29, 2022 arrest, and (2) should be dismissed under the "ruse exception" doctrine, *see United States v. Pasillas-Castanon*, 525 F.3d 994, 997 (10th Cir. 2008). The district court denied his motion.  Roper was convicted by a jury on all three counts and sentenced to twenty years' imprisonment.  He appeals, challenging the denial of his motion to dismiss the indictment.

II.

A.

Roper first argues the indictment should have been dismissed under § 3161(b), which requires that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  Roper maintains this thirty-day time period began to run on September 29, 2022, when he was arrested for alleged supervised release violations that arose from the same robberies for which he was later indicted.

The district court rejected Roper's argument in a thorough written decision, which we review de novo.  *See United States v. Bagster*, 915 F.2d 607, 609 (10th Cir. 1990) ("The question of whether, or when, the actions of federal authorities trigger the time requirement of section 3161(b) is a question of law.").

Analyzing the language of § 3161(b), the district court concluded the statute was not violated because Roper's September 29, 2022 arrest was not "in connection with" any "offense" charged in the indictment.  It reasoned:

> [The] language [of § 3161(b)] makes clear that the 30-day clock is not triggered for any arrest. Instead, the Act's language explains the clock starts only for an arrest that is "in connection with such charges." Which charges? Well, the use of "such" directs back to the specific charges—those federal charges listed in the information or indictment. The supervised release revocation statute, *see* 18 U.S.C. § 3583, is not a new charge, crime, or offense. It is, however, "a separate part of the original sentence." *United States v. Salazar*, 987 F.3d 1248, 1254 (10th Cir. 2021).

Supp. R., vol. I at 52–53 (footnotes omitted). Therefore, the district court concluded, "[t]he text [of § 3161(b)] does not support Defendant's claim." *Id.* at 53.

The district court found further support in the supervised release statute, 18 U.S.C. § 3583(e)(3), and relevant case law. First, it noted that under § 3583(e)(3), release violations arise from the prior conviction and "revocation [of supervised release] is based upon 'violat[ing] a condition,' not 'an offense' or 'charges.'" *Id.* at 53 (quoting first § 3583(e)(3) then § 3161(b)). Second, it cited the Supreme Court's statements that "revocation of parole is not part of a criminal prosecution," *id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)), and that release violations may be prosecuted "as 'postrevocation sanctions as part of the penalty for the initial offense,'" *id.* (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)). Third, the district court relied on this court's decisions distinguishing revocation proceedings from new criminal charges—including *United States v. Fay*, 547 F.3d 1231, 1234 (10th Cir. 2008), and *United States v. Cordova*, 461 F.3d 1184, 1187 (10th Cir. 2006)—observing "[r]evocation hearings are not part of a criminal prosecution." *Id.* at 54 (quoting *Fay*, 547 F.3d at 1234). Fourth, reviewing other circuits' decisions, it concluded they "unanimously agree—the Speedy Trial Act is inapplicable to supervised release revocation proceedings (as they are not stages in a criminal proceeding)." *Id.* (collecting cases, including *United States v.*

4

*Hinojosa*, 67 F.4th 334, 338–39 (6th Cir. 2023) (holding § 3161(b)'s "30-day clock did not apply" where the defendant's "arrest was based on his alleged *violations of the terms of his supervised release*, not on the *federal charges in his indictment*")).

From this authority, the district court concluded:

> Supervised release revocation proceedings are *not* a criminal proceeding—thus, the Speedy Trial Act does not apply. . . .  What [Roper's argument] fails to understand is that his arrest, and subsequent incarceration, for the supervised release violation is separate and distinct from the indictment which initiated this case.  Even when the charges in the indictment stem from the same facts which led to an arrest for supervised release violations, the offenses are considered separate.

*Id.* at 57.  And:

> Because . . . Roper was indicted on November 1, 2023, and arrested on November 8, 2023, he is unable to show a statutory Speedy Trial Act violation.  His novel argument that a violation of supervised release is an "offense" under the Speedy Trial Act is not supported by a plain reading of the text (nor any case law).

*Id.* at 60.

B.

On appeal, Roper does not identify any reversible error.  As he concedes:

1. "Courts uniformly hold that an individual is not arrested under 3161(b) until he is taken into custody after a federal arrest *for the purpose of responding to a federal charge*," Aplt. Opening Br. at 30 (emphasis added) (brackets omitted) (quoting *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987));

2. "[A]n 'arrest that is not for purposes of answering to federal criminal charges does not' trigger the Speedy Trial Act clock," *id.* (brackets omitted) (quoting *United States v. Bloom*, 865 F.2d 485, 490 (2d Cir. 1989); and,

3. Conduct that violates conditions of release, "if it is a criminal act, may be prosecuted *separately* for [both] (1) the supervised release violation, and

5

[also] (2) the substantive criminal act," *id.* at 31 (emphasis and bracketed text added) (citing *Johnson*, 529 U.S. at 700).

As the district court recognized, these principles are fatal to Roper's argument. His September 29, 2022 arrest was for the alleged violations of supervised release, not to face new criminal charges. *See Bloom*, 865 F.2d at 490. And the revocation proceedings did not preclude the government from also criminally prosecuting Roper for the robberies. *See Johnson*, 529 U.S. at 700.

Roper appears to acknowledge his argument lacks support in authority. *See* Aplt. Opening Br. at 32 (stating the caselaw "tend[s] to limit [the Speedy Trial Act's] application"); Aplt. Reply Br. at 3 (conceding "it is hard to find case law supporting [Roper's] novel argument to extend the law"). Nevertheless, he asserts "the filing of the [Revocation] Petition, which alleged [Roper] committed the robberies . . . satisfies the requirement of a formal charge," and therefore started the § 3161(b) clock. Aplt. Opening Br. at 31–32. However, he cites no authority supporting this proposition. To the contrary, as the district court summarized, controlling authority demonstrates a revocation petition is not equivalent filing new criminal charges. *See Fay*, 547 F.3d at 1234 (distinguishing revocation proceedings from criminal charges); *see also Hinojosa*, 67 F.4th at 339 ("[J]ust because an arrest has a 'connection with' the factual conduct underlying a crime does not mean that it has a 'connection with' the formal accusation in an indictment." (quoting § 3161(b)).

Roper cites our holding in *Bagster*, that "a person is not 'arrested in connection with' a charge, within the meaning of section 3161(b) . . . unless there is some coincidence of (1) a pending federal complaint and (2) federal custody based on

6

that complaint." 915 F.2d at 611. Fatally for his argument, however, those conditions were not met in his case until November 8, 2023, when he was arrested based on the November 1, 2023 indictment.

Beyond that, Roper criticizes cases interpreting § 3161(b) as overly "narrow," and "offer[ing] no meaningful protection," Aplt. Opening Br. at 32, 33, and he asserts the district court's ruling "is contrary to Congressional intent," *id.* at 34. These criticisms at most reflect his disagreement with controlling law. They do not show the district court erred in applying it. Accordingly, we affirm the denial of Roper's motion to dismiss the indictment under § 3161(b), for substantially the same reasons explained by the district court.

### III.

Roper also argues for relief under the "ruse exception." *Id.* at 34–38. The general rule is that "civil arrests and detentions do not ordinarily trigger the Speedy Trial Act." *Pasillas-Castanon*, 525 F.3d at 997. Under the "ruse exception," however, such arrests "may activate [the Speedy Trial Act] when law enforcement authorities collude with state or civil officials to detain a defendant as a mere ruse for later prosecution." *Id.*

But "[t]he ruse exception is not easily triggered." *Id.* at 998. It applies "only when a defendant demonstrates that the *primary or exclusive purpose* of a civil detention was to hold the defendant for future criminal prosecution." *Id.* (internal quotation marks omitted). "Without evidence of wrongful collusion" to further a criminal prosecution, "the exception does not apply." *Id.* "In short, if the detaining

authorities have a lawful basis for their civil detention, a defendant is not entitled to invoke the exception." *Id.*

The district court rejected Roper's ruse exception argument on multiple grounds. Reviewing its legal rulings de novo and its factual findings for clear error, *see id.* at 996, we affirm. Roper was arrested on September 29, 2022, based on the alleged supervised release violations, including his use of a controlled substance. Roper maintains the government used revocation proceedings to prolong the robbery investigation and delay filing charges, but he never disputes that he did, in fact, use a controlled substance in violation of his conditions of release. That violation established a "lawful basis" for his detention. *Pasillas-Castanon*, 525 F.3d at 998. Roper therefore is "not entitled to invoke" the ruse exception.[1]

IV.

For the reasons above, we affirm.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1] The government argues the ruse exception cannot be extended to arrests for supervised release violations. We need not resolve this argument, because Roper is not entitled to relief even assuming (without deciding) the ruse exception might apply to such arrests in some circumstances. To the extent our decision therefore rests on grounds different from the district court's, "we may affirm on any ground that finds support in the record." *United States v. Dermen*, 143 F.4th 1148, 1201 (10th Cir. 2025) (internal quotation marks omitted).