FILED
United States Court of Appeals
Tenth Circuit

January 4, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 07-1298

TIMOTHY C. ROMERO,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 97-CR-00009-WYD)

---

Timothy C. Romero, Defendant-Appellant, pro se.

Troy A. Eid, United States Attorney, H. Wayne Campbell, Assistant United States
Attorney, and John M. Hutchins, Assistant United States Attorney, Denver,
Colorado, for Plaintiff-Appellee.

---

Before **BRISCOE, McKAY**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Defendant-Appellant Timothy C. Romero appeals the district court's order

denying his request for an immediate determination of whether any revoked

supervised release time should run concurrently with his state prison sentence.[1]

In 1997, Mr. Romero was convicted in the federal district court for the District of Colorado on drug charges, and sentenced to sixty months in prison to be followed by a five-year period of supervised release. He was released in 2001. While on release, he pled guilty in state court to additional drug and weapons violations, and in 2006 was sentenced to eight years in state confinement. He is currently in state custody.

Because these new crimes likely violated the conditions of Mr. Romero's supervised release, the United States Probation Department placed a detainer on Mr. Romero. Upon completion of his state sentence, the Colorado Department of Corrections will deliver him to the U.S. Marshals. The district court will then determine whether Mr. Romero violated the terms of his supervised release and sentence him accordingly.

Mr. Romero filed a motion in the federal district court for the District of Colorado requesting that any federal time he must serve on account of his violation of supervised release run concurrently with his state sentence. Because the hearing to determine whether Mr. Romero violated his supervised release would not occur until after Mr. Romero completed his state sentence, the court

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

found the petition premature.  The court stated that the motion would be appropriately filed after Mr. Romero completed his Colorado sentence, and denied the motion without prejudice.  Mr. Romero appeals from this denial.

### JURISDICTION

We must first determine whether the district court's order was final, which is necessary for appellate jurisdiction.  28 U.S.C. §1291.  A final judgment "is one that "ends the litigation on the merits," leaving nothing to decide.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988).  The district court did not rule on the merits of Mr. Romero's petition, but instead found that because there had not yet been a hearing to determine whether Mr. Romero violated his supervised release, his motion was premature. We nonetheless conclude that the order is final under the collateral order doctrine, which permits review of orders that "(1): conclusively determine [a] disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) [are] effectively unreviewable on appeal from a final judgment."  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989); *see* Comment, *The Appealability of Orders Denying Motions for Disqualification of Counsel in the Federal Courts*, 45 U. Chi. L. Rev. 450 (1978).

All three criteria are satisfied here.  First, the district court conclusively decided that Mr. Romero could not request concurrent sentences until after he completed his state imprisonment.  Second, the issue here is separate from the

merits of the action; whether Mr. Romero's revoked supervised release will run consecutively or concurrently is not affected by *when* the district judge makes that determination. Finally, this issue will be effectively unreviewable on appeal from the final judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Mr. Romero points to possible interim consequences of the detainer, such as impeding his eligibility to participate in certain prison programs, that can be averted only by immediate consideration of his federal case.

Therefore, we have jurisdiction under the collateral order doctrine.

## **MERITS**

Mr. Romero argues that this is the appropriate time to decide whether to impose his state and federal sentences concurrently. Implicit in his argument is a request that we order a hearing to determine whether his supervised release should be revoked, because a decision to run the sentences concurrently cannot come before a determination of whether Mr. Romero should be sentenced for the violation of supervised release. Mr. Romero's complaint that he has "never been given any type of hearing or due-process concerning [his] revocation of the probation status" confirms this interpretation. Appellant's Brief, at 3.

Parolees, however, have no legal right to receive an immediate hearing on their supervised release revocation. The Supreme Court has stated that the Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried

criminal charges, is inapplicable to probation or parole revocation detainers. Interstate Agreement on Detainers Act, 18 U.S.C.A. App. §2, Art. III(a); *see Carchman v. Nash*, 473 U.S. 716, 726 (1985); *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633 (10th Cir. 1991). And there is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators. *Moody v. Daggett*, 429 U.S. 78, 89 (1976); *Morrissey v. Brewer*, 408 U.S. 471 (1972). Because no warrant has been executed, Mr. Romero is not yet entitled to any of these procedural protections.

Mr. Romero argues that because the detainer warrant has not been executed, he is prejudiced because he cannot participate in treatment and other prison programming; if we execute the warrant and hold the hearing, the detainer will be lifted and Mr. Romero can participate in the treatment programs. While we sympathize with Mr. Romero's predicament, if it is one,[2] the district court's decision to wait to hold a hearing until after Mr. Romero completes his state court confinement was not unreasonable. At this point, the court does not know whether Mr. Romero will have completed his state sentence without incident, or what posture his federal case may assume. Moreover, if he is sentenced for a supervised release violation at the end of his state confinement, nothing precludes the district court from giving him credit for time served. *See McDonald*, 955 F.2d

---

[2] Appellant cites no authority for the proposition that the existence of the detainer precludes him from participating in prison programming, and we express no views on this question.

at 634 ("we know of nothing preventing the . . . authorities from retroactively granting Petitioner the right to serve the sentences concurrently if [state] law provides for this option.").  Even assuming there are some collateral adverse consequences, we have "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right."  *Moody,* 429 U.S. at 88, n.9.

## CONCLUSION

The judgment of the United States District Court for the District of Colorado is therefore **AFFIRMED**.  Appellant's motion to proceed *in forma pauperis* is **GRANTED**.