FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

DAVID ALLEN SUSSMAN,

　　Defendant-Appellant.

No. 11-1255

(D.C. No. 1:09-CR-00392-CMA-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **MURPHY,** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

David Allen Sussman appeals from the district court's revocation of his supervised release. Sussman contends that he was deprived of liberty without due

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

process of law when federal authorities lodged a detainer with the county jail where he was serving a state sentence but did not execute the arrest warrant until he was released from state custody. Defense counsel requested permission to withdraw from the case and filed an <u>Anders</u> brief because he believes there are no non-frivolous grounds for appeal. Sussman responded <u>pro se</u>, seeking appointment of new counsel and identifying grounds for the appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and dismiss the appeal.

I.

On August 30, 2002, Sussman was sentenced in federal court to forty-one months' incarceration and five years of supervised release after pleading guilty to one count of mail fraud and one count of bank fraud. ROA, Vol. 1, at 6-8. On January 12, 2010, a Colorado state court jury convicted Sussman on one count of misdemeanor sexual assault, which was a violation of the terms of his supervised release. <u>Id.</u> at 93-94. He was sentenced to two years' incarceration. <u>Id.</u> at 94. On April 26, 2010, the district court granted the government's Petition for Issuance of Arrest Warrant Due to Violation of Supervised Release ("Petition"). <u>Id.</u> at 93. The warrant was issued four days later, and the United States Marshal filed a detainer with the Denver County Jail. <u>Id.</u> at 95. Although the warrant was issued, it was not immediately executed because Sussman was in the custody of the state of Colorado.

While in state custody, Sussman petitioned the United States District Court

2

for the District of Colorado numerous times to appoint a federal public defender to address the Petition. See id. at 96-98, 100, 104-05, 108-10. A magistrate judge denied without prejudice his motions to appoint counsel because Sussman had not been haled into federal court. Id. at 112. On February 24, 2011, upon Sussman's release from state custody, the United States executed its arrest warrant for violation of the conditions of supervised release. Id. at 138. Before the revocation hearing was held, Sussman filed a motion to dismiss the case, arguing that the "delay in serving the warrant . . . after the detainer against him was filed" violated due process and Federal Rule of Criminal Procedure 32.1(a)(1). Id. at 140-42.

The district court denied Sussman's motion to dismiss on May 24, 2011, stating that:

> Defendant Sussman has failed to establish that he was denied a prompt hearing in connection with his federal detention and subjected to unreasonable delay. Contrary to Defendant's assertion, although a petition alleging violations of supervised release was filed on April 26, [2010], and a warrant was issued on April 30, [2010], Defendant was not "held in custody" for violating his supervised release on either of those dates. Rather, Defendant was not "held in custody" for violating his supervised release until Friday, February 25, 2011, when the Defendant was transferred into federal custody after the warrant for violation of supervised release was executed. Defendant Sussman was taken before the Magistrate Judge on March 1, 2011. Thus, he was afforded a timely hearing, as required under Fed. R. Crim. P. 32.1(a)(1).

3

Id. at 150.  This appeal followed.

## II.

Finding no meritorious grounds for appeal, defense counsel filed a brief under Anders v. California, 386 U.S. 738 (1976), and requested permission to withdraw from the case.  In accordance with Anders, we notified Sussman of his right to file a response to his attorney's brief.  Sussman moved the court to appoint new counsel for further briefing and filed a response on the merits.  We construe Sussman's pro se response liberally.  Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).  The government declined to file an answer brief, so our review will be based on an examination of the record as a whole and Sussman's response.

First, Sussman argues that the delay between the filing of the detainer and the execution of the warrant deprived him of a liberty interest in violation of due process.  He bases this argument on the changes to his conditions of confinement at the Denver County Jail after the state authorities received the federal detainer.  Before the detainer, he was held in a "misdemeanor pod," where he had access to various programs and privileges and could earn good time credit.  He was also working as a "trusty" for the jail.  Sussman alleges that, upon receipt of the detainer, officials at the Denver County Jail revoked his status as "trusty" and relocated him to a maximum-security floor.  ROA, Vol. 1, at 97.

The conditions of which Sussman complains—transfer to a maximum

4

security floor and revocation of privileges—lack constitutional dimension. The Supreme Court has "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Any "collateral adverse consequences" of the government's decision to lodge a detainer while Sussman remained in state custody did not trigger due process protections. See United States v. Romero, 511 F.3d 1281, 1284-85 (10th Cir. 2008) (rejecting similar argument that due process protections were triggered when a federal detainer was filed with a state jail but the warrant remained unexecuted).

Federal Rule of Criminal Procedure 32.1(a)(1) requires that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." When the United States filed the Petition, Sussman was being held in custody by the Denver County Jail. His revocation hearing could not have proceeded until he was in federal custody. See Romero, 511 F.3d at 1284 ("[T]here is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators.") (citing Moody, 429 U.S. at 89).

Second, Sussman relies on two immigration cases to argue that he was in "technical" federal custody when the detainer was filed. First, he likens his case to Chung Young Chew v. Boyd, 309 F.2d 857 (9th Cir. 1962), where the Ninth Circuit held that an alien was in the "technical custody" of federal immigration

5

authorities when they filed a detainer with the alien's prison and a final order of deportation had been issued. He also points to <u>Vargas v. Swan</u>, 854 F.2d 1028 (7th Cir. 1988), where the Seventh Circuit held that an alien in actual custody of a state prison system <u>could</u>, under certain circumstances, be considered to be in federal custody upon the lodging of a detainer by immigration authorities.[1] But whatever these circumstances might be, Sussman was not placed in technical federal custody after the federal detainer was filed. Unlike the immigration cases, where the detainer was backed up by a final deportation order, here the effect of the federal detainer was to notify state officials that Sussman was to be turned over to federal authorities upon release from his state sentence. Whether Sussman had in fact violated the conditions of his supervised release was yet to be determined. A federal detainer is "a matter of comity" between federal and state authorities; it is simply "an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a . . . violation has had an opportunity to act." <u>Moody</u>, 429 U.S. at 80 n.2. Sussman did not have a right to a revocation hearing until he was taken into federal custody by execution of the warrant. Because that hearing occurred within days of the execution of the warrant, the

---

[1] In the immigration context, the Tenth Circuit has rejected the Seventh Circuit's reasoning in <u>Vargas</u>. <u>See</u> <u>Galaviz-Medina v. Wooten</u>, 27 F.3d 487, 493 (10th Cir. 1994) ("Almost all the circuit courts considering the issue have determined that the lodging of a detainer, without more, is insufficient to render the alien in custody.").

6

United States complied fully with the requirements of Rule 32.1(a) and due process.

## III.

For the foregoing reasons, we GRANT defense counsel's motion to withdraw, DENY Sussman's motion to appoint new counsel, and DISMISS this appeal.

Entered for the Court

Mary Beck Briscoe
Chief Judge