**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILIP EUGENE WALSTON,

Defendant - Appellant.

No. 13-7006
(D.C. No. 6:07-CR-00046-RAW-14)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant, Philip Eugene Walston, seeks to appeal the

twenty-two month sentence imposed following the revocation of his supervised

_____

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

release. His appointed counsel, Terry L. Weber, has filed an <u>Anders</u> brief and has moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Mr. Walston has declined to file a *pro se* response to that brief, despite being twice reminded by this court of his right to do so. The government has also filed an <u>Anders</u> brief. We therefore base our conclusion on both parties' briefs, as well as our own careful review of the record. For the reasons set forth below, we agree with counsel that the record in this case provides no non-frivolous basis for an appeal, and we therefore grant Mr. Weber's motion to withdraw and we dismiss this appeal.

**BACKGROUND**

In July 2007, Mr. Walston was indicted, along with fourteen other individuals, in a conspiracy involving stealing personal identification data, including bank account and routing numbers, and making counterfeit checks to be drawn on local banks. Mr. Walston was charged only with one count of conspiracy, in violation of 18 U.S.C. § 371. He subsequently pled guilty and, in January 2008, was sentenced to fifteen months' imprisonment, followed by thirty-six months' supervised release.

In January 2011, while on supervised release, Mr. Walston tested positive for marijuana usage, which was a violation of one of the mandatory conditions of his release that he "refrain from any unlawful use of controlled substances." R.

-2-

Vol. 1 at 44.  Because he was referred to a therapy program,  the court took no action with respect to that violation of the terms of Mr. Walston's supervised release.

In May 2011, a petition to revoke his supervised release was filed, alleging that Mr. Walston had again violated the conditions of his release, because: Mr. Walston (1) admitted to using methamphetamine in January 2011; (2) tested positive for amphetamine use in an April 2011 drug screen; and (3) tested positive for amphetamine, methamphetamine and marijuana use in a May 2011 drug screen.  Mr. Walston also failed to make restitution payments as ordered in his original judgment.  He requested that the district court order him to participate in inpatient drug treatment therapy, in lieu of revoking his supervision.  The district court ultimately revoked Mr. Walston's supervision and sentenced him to five months' imprisonment, followed by twelve months of supervised release.  The court also ordered him to participate in a drug treatment program and to make payments on his restitution obligations.

A second (and the instant) petition to revoke supervised release was filed in March 2012.  It charged Mr. Walston with the following violations of the terms of his supervised release:

(1)     On April 17, 2012 Mr. Walston was convicted in Sebastian County, Arkansas for his March, 1, 2012 delivery of a counterfeit controlled substance (methamphetamine).  This violated the mandatory condition that he "not commit another federal, state or local crime."

(2)     He failed to appear for monthly reporting to the United States Probation Office in both February 2012 and March 2012, contrary to the standard condition of release that he "shall report to the probation officer."

      (3)     He failed to appear for a urinalysis test on four occasions. This defies the standard condition of release that he "shall submit to urinalysis testing as directed by the Probation Office."

      (4)     He failed to complete drug treatment on two occasions. First, he was discharged from treatment at an inpatient program after he engaged in a verbal altercation with another resident. He was later discharged from another treatment program after he missed three group meetings. His failure to complete these programs is contrary to the special condition that he "shall participate in [residential drug/alcohol] treatment as directed by the probation officer and remain in the treatment facility until discharged."

      (5)     Finally, he failed to make a single restitution payment since his July 2011 release from the Bureau of Prisons, contrary to the requirement that he make monthly payments towards the court-ordered restitution.

Tr. of Final Revocation Hr'g at 4-6; R. Vol. 1 at 13-15.

Mr. Walston filed a Sentencing Memorandum, in which he (again) requested inpatient treatment for his substance abuse problem instead of revocation of his supervised release, and he noted that he had served nine months in a state facility already as punishment for the delivery of the counterfeit methamphetamine. He then stipulated to the violations. The district court subsequently sentenced him to twenty-two months' imprisonment with no term of supervised release, stating as follows:

In imposing this sentence, I've considered the violation policy statements in Chapter 7 of the United States Sentencing Guideline manual now in effect and view those policies as advisory in nature for the purpose of these proceedings. I've considered the nature and circumstances of the violations conduct and the history and characteristics of the offender. The defendant has shown disregard for the rules and conditions of supervised release.

The sentence imposed is within the authority specified in United States Code Section 3583(e)(3), the sentence is reasonable, provides just punishment for noncompliance, is an adequate deterrent to criminal conduct, and promotes respect for the law.

Id. at 9-10; R. Vol. 1 at 18-19. This attempt to appeal followed. As indicated,

Mr. Walston's appointed counsel has moved to withdraw as counsel pursuant to

Anders.

**DISCUSSION**

In Anders, the Supreme Court held that if a defendant's counsel "finds [the

defendant's] case to be wholly frivolous, after a conscientious examination of it,

he should so advise the court and request permission to withdraw." Anders, 386

U.S. at 744. Counsel must submit to both the court and his client a "brief

referring to anything in the record that might arguably support the appeal." Id.

The defendant may then "raise any points that he chooses." Id.

The reviewing court must examine all the proceedings to determine whether

the appeal is frivolous. Id. If the court so finds, it may grant defense counsel's

request to withdraw and dismiss this appeal. Id. "On the other hand, if it finds

any of the legal points arguable on their merits (and therefore not frivolous) [the

reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.

Mr. Walston appears to have suggested to his counsel that his revocation proceedings should have been initiated earlier so that his state sentence for the delivery of the counterfeit methamphetamine could run concurrently with his federal revocation sentence. Alternatively, Mr. Walston claims that he should have been given credit towards his federal revocation sentence for the nine months he served on the state sentence. The only other possible argument on appeal is that Mr. Walston's sentence is procedurally or substantively unreasonable. We explain why each of these arguments presents no non-frivolous ground for an appeal.

With respect to the argument that his revocation process should have been initiated sooner so that he could have served his Arkansas state sentence concurrently with his federal sentence for the supervised release, and that he should have been given credit (on his federal sentence) for time served on his state sentence, both parties note that the federal revocation proceedings could not have moved forward until Mr. Walston was in federal custody. See United States v. Romero, 511 F.3d 1281, 1284 (10th Cir. 2008) ("Parolees . . . have no legal right to receive an immediate hearing on their supervised release revocation. . . . And there is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators."). Additionally, as

counsel points out, United States Sentencing Commission, <u>Guidelines Manual</u> ("USSG") § 7B1.3 specifically prohibits the concurrent sentence Mr. Walston suggests he should have received: USSG § 7B1.3 states that "any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."

With respect to the reasonableness of Mr. Walston's sentence, we agree with his counsel that there is no nonfrivolous basis for attacking the sentence as unreasonable. Before determining the sentence to be imposed after revocation of supervised release, a district court must consider both the policy statements contained in Chapter 7 of the Guidelines and the factors provided in 18 U.S.C. § 3553(a). <u>United States v. Steele</u>, 603 F.3d 803, 808 (10th Cir. 2010). In explaining the sentence imposed, the court "is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." <u>Id.</u> at 808 (quotations omitted). Additionally, although the court must consider the Chapter 7 policy statements, which "recommend a range of imprisonment upon revocation of supervised release," the recommendation is "advisory rather than mandatory in nature." <u>United States v. Kelley</u>, 359 F.3d 1302, 1305 (10th Cir. 2004) (quotations omitted).

"Our review of the court's application of these factors is deferential. '[W]e will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable.'" United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011) (quoting United States v. Contreras-Martinez, 409 F. 3d 1236, 1241 (10th Cir. 2005)). A "reasoned" sentence is procedurally reasonable and a "reasonable" sentence is substantively reasonable. Id.

The sentence imposed by the district court was within the advisory Guidelines range and was selected by the court after consideration of the § 3553 factors. We have carefully reviewed the record and applicable legal authority, and we can discern no basis for concluding that the sentence imposed was not reasoned and reasonable, or that it is anything other than procedurally and substantively reasonable.

## CONCLUSION

For the foregoing reasons, we agree with Mr. Walston's counsel that no meritorious basis exists for Mr. Walston to appeal his sentence. We therefore GRANT his counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge