FILED
United States Court of Appeals
Tenth Circuit

June 6, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH EUGENE DEAN,

Defendant - Appellant.

No. 15-5104
(D.C. No. 4:06-CR-00099-GKF-1)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Joseph Dean, a state prisoner proceeding pro se, appeals from an order of the United States District Court for the Northern District of Oklahoma. The

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court denied Dean's request that he be immediately brought before the court so a hearing could be held on whether to revoke his supervised release. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.[1]

Dean's appeal presents arguments factually and legally indistinguishable from the arguments presented in *United States v. Romero*, 511 F.3d 1281, 1283-84 (10th Cir. 2008). In that case, we held a state inmate subject to a federal detainer for the potential revocation of supervised release had "no legal right to receive an immediate hearing on their supervised release revocation." *Id.* at 1284. This was true even though the inmate in *Romero* claimed, as does Dean, that the pending federal detainer prejudiced him because it precluded participation in "treatment and other prison programming." *Id.* Thus, *Romero* forecloses Dean's claim he is entitled to a resolution of his federal supervised release status prior to the completion of his state sentence. *Id.* at 1284-85.

Dean's motions to proceed on appeal in forma pauperis and to file his optional reply brief out of time are **GRANTED**. The district court's order

---

[1]No matter how construed, this court has appellate jurisdiction over Dean's appeal. It is possible to construe Dean's motion as a habeas-based (i.e., 28 U.S.C. § 2241) challenge to a federal detainer lodged with state authorities. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-89 (1973). So construed, Dean does not need a certificate of appealability to proceed on appeal. *Montez v. McKinna*, 208 F.3d 862, 867 n.6 (10th Cir. 2000) ("[A] state prisoner seeking to challenge a detainer filed by a federal agency does not need a COA to proceed on appeal."). It is also possible to construe Dean's motion as a request for relief filed directly in the context of Dean's federal criminal case. *See United States v. Romero*, 511 F.3d 1281, 1283-84 (10th Cir. 2008). So construed, the denial of relief is appealable under the collateral order doctrine. *Id.*

denying Dean's request for an immediate hearing on his supervised release

revocation is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
