**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD LENO BONAT,

    Defendant - Appellant.

No. 16-7082
(D.C. No. 6:09-CR-00049-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Defendant Richard Bonat challenges his 24-month prison sentence for violating a condition of his supervised release. Before the Court are defense counsel's motion to withdraw and *Anders* brief alleging the frivolity of the appeal, as well as Bonat's *pro se* response to the *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we grant defense counsel's motion and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 1995, Bonat pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g). Because he had three prior burglary convictions, the district court enhanced his sentence under the Armed Criminal Career Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to fifteen years' imprisonment and five years of supervised release. Bonat had recently completed his prison term and was serving his term of supervised release when police officers discovered marijuana in his possession in 2011. Because Bonat's possession of the drug violated a condition of his supervised release, the district court sentenced him to an additional 24 months of supervised release.

Over a year later, in late 2012, Bonat pleaded guilty in Oklahoma state court to possession with intent to distribute a controlled substance. In May 2013, the state court sentenced him to 10 years' imprisonment in the Oklahoma Department of Corrections. Accordingly, Bonat's federal probation officer filed a petition in the district court to revoke Bonat's supervised release, and he advised Bonat that revocation proceedings would take place upon his release from state custody. Oklahoma granted Bonat early release in August 2016, and he was remanded into federal custody. He stipulated to the facts in the revocation petition, and the district court sentenced him to 24 months' imprisonment—a significant downward variance from the Guidelines range of 46 to 57 months. U.S.S.G. § 7B1.4; *see also* 18 U.S.C. § 3583(e)(3) (allowing a term of up to 60 months). Bonat timely appealed the sentence.

When court-appointed counsel wishes to withdraw because the defendant's appeal is wholly frivolous, counsel must provide the court with a brief addressing anything in the record that may support the appeal. *Anders*, 386 U.S. at 744. Counsel should provide this brief to the defendant, and the defendant may raise any points or grounds for appeal he chooses. *Id.* We must then make a full examination of the record and proceedings. *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016). If we determine that the appeal is, indeed, wholly frivolous, we may dismiss the appeal. *Id.*

Pursuant to his *Anders* burden, defense counsel raises two points, both of which he rebuts, while Bonat argues two additional points. Defense counsel suggests that Bonat may contest the procedural and substantive reasonableness of the sentence and that Bonat may bring a Fifth Amendment "due-process" claim. Bonat, on the other hand, argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its progeny invalidate the enhancement of his original 1995 sentence under the ACCA and, alternatively, that the enhancement was contrary to the legislative intent of that statute.

We first turn to defense counsel's reasonableness argument. In reviewing sentencing decisions accompanying a revocation of supervised release, we apply an abuse of discretion standard to evaluate the procedural and substantive reasonableness of the sentence. *United States v. Ruby*, 706 F.3d 1221, 1225–26 (10th Cir. 2013); *see also United States v. McBride*, 633 F.3d 1229, 1231–32 (10th Cir. 2011). Bonat, however, raised only his *Johnson* argument in the district court and

3

made no other objections. We thus review any unpreserved challenges to the reasonableness of the sentence for plain error. *Ruby*, 706 F.3d at 1225.

We have thoroughly reviewed the record, and we agree with defense counsel that the district court did not abuse its discretion, let alone plainly err, in sentencing Bonat. The sentence is procedurally reasonable because the district court adequately applied the 18 U.S.C. § 3553 sentencing factors as required by § 3583(e). The district court stated that it had considered, among other things, the policy statements in U.S.S.G. Ch.7, the nature and circumstances of the violation, and Bonat's history and characteristics. We do not require the district court to state how each factor informed its decision, nor do we require any "magic words" to show that the court fulfilled its statutory responsibilities. *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258–59 (10th Cir. 2006). Furthermore, the sentence is undoubtedly substantively reasonable for two reasons. First, sentences below the properly-calculated Guidelines range are entitled to a rebuttable presumption of reasonableness on appeal, and the district court imposed a sentence half of the recommended term. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Second, the district court appropriately imposed the revocation sentence consecutive to the discharged state prison sentence for the conduct that violated the condition. *United States v. Fay*, 547 F.3d 1231, 1235–37 (10th Cir. 2008). We see no other potential challenges to the reasonableness of this sentence.

Defense counsel next suggests that Bonat might bring a "due-process" claim under the Fifth Amendment pursuant to *United States v. Santana*, 526 F.3d 1257 (9th

4

Cir. 2008), because his revocation hearing did not occur until four years after his violation. "Parolees, however, have no legal right to receive an immediate hearing on their supervised release revocation." *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008). Specifically, "there is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators." *Id*. Bonat was held in state custody between his 2012 arrest and August 22, 2016, when he was remanded into federal custody. His revocation proceedings occurred on September 28, 2016. In light of *Romero*, we find no due process violation.

Finally, Bonat makes two attacks on his underlying sentence. He argues that his 1995 sentence is unconstitutional because *Johnson* held that the residual clause of the ACCA was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. He also argues that the three robbery convictions used to enhance his 1995 sentence occurred as part of a "crime spree," rather than as a pattern of career criminality, and thus fall outside the congressionally-intended scope of the ACCA. From what we can interpret from his letter, Bonat claims that, but for the improper sentencing in 1995, he would not have been serving a term of supervised release at the time of his 2012 arrest. But this appeal is not the appropriate forum for Bonat to launch such collateral attacks on his original sentence. *United States v. Cordova*, 461 F.3d 1184, 1186 n.2 (10th Cir. 2006) ("To the extent [Defendant] also seeks to contest the original imposition of supervised release, we reject that contention as well. Such a

5

collateral attack cannot be made in an appeal of the revocation of supervised release.").

Because we find this appeal frivolous and without merit, defense counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

Entered for the Court


Bobby R. Baldock
Circuit Judge